# PRACTICE REPORTS.

## SUPREME COURT.

### The People agt. Hawkins & Clarke.

A *misnomer* of the court, in a recognizance, called " *General Sessions of the Peace*," instead of " Court of Sessions," as designated by the Code (1849), *held*, to be immaterial—the unnecessary additions to the title may be regarded as surplusage.

*Oneida Special Term—Demurrer to Complaint.*

Bruyn & Williams *for Defendants.*

C. Comstock, *for Plaintiffs.*

Gridley, Justice.—On the 1st of May 1849, the defendants executed a bastardy bond, conditioned that the defendant Clarke should appear at the next *Court of General Sessions of the Peace* to be held in Oneida county.

The defendants' counsel insist that there was no such court in existence; and by necessary consequence the defendants were not in default for the omission of Clark to appear at the next Court of " *Sessions*" held in the said county. This argument is founded in an alleged misnomer of the court, and it seems to me is quite too technical to be upheld. The *Constitution* of 1846, Art. VI., Sec. 14, provides that the county judge with two justices of the peace, &c., may hold " *Courts of Sessions.*" Under that power the Code of 1848 speaks of these courts as " Courts of General Sessions of the Peace," in sections 9 and 38; while

according to the nomenclature of the Code of 1849, they are called " Courts of Sessions" in sections 9 and 32.  Now these expressions all designate the same class of courts; and no one can be misled by the adoption of the designation employed in the Code of 1848.   On the contrary, it is more definite and less liable to be confounded with the Courts of Special Sessions, if that were a possible case.   A few citations from our former statutes will show how unimportant the exact, or even the uniform designation of courts has always been deemed in this state.   In the Constitution of 1777, the Supreme Court of Judicature is designated simply as " *The Supreme Court*," but in the Statutes it is designated as " The Supreme Court," " The Supreme Court of Judicature," and " The Supreme Court of Judicature of the People," &c. (*See* 1 *R. Laws*, 39, *sections* 24, 25, *and* 27; *page* 243, *sections* 1, 2 *and* 3; *page* 318, *sections* 1 *and* 3).   Again: In the Constitution of 1821, this court is again designated as the " Supreme Court," simply (*Art.* 5, *sec. IV*).   The same title is attributed to this court, probably, a hundred times in the Revised Statutes, while in the 14th section of the act concerning the Supreme Court, it is denominated " *The Supreme Court of Judicature*," and in the (9th) 18th section, process is made returnable " before the justices of *our Supreme Court of Judicature*," &c.; and in the 11th section it is enacted that the style adopted in pleadings and records shall be " before the justices of the Supreme Court of Judicature of the People of the state of New York.

The county courts, including the sessions, are recognized, simply by the name of " County Courts," in the Constitution of 1821, *art.* 5, *sec.* 6.   The county courts of criminal jurisdiction are designated by the legislature as " Courts of General Sessions" (2 *R. S. p.* 208, *secs.* 3 *and* 4); while in section 5 of the same title they are called " *General Sessions of the Peace*," and these expressions are employed as convertible phrases in all parts of the statute.

I can not doubt, therefore, that the misnomer of the court, as stated in the recognizance, is wholly immaterial; and the unnecessary additions to the title of the court may be regarded as a

surplusage. A "*descriptio curiæ*" *may be* treated like the "*descriptio personæ*," and any circumstance, false or mistaken, which does not mislead may be disregarded.

II. Under the liberal construction which is to be applied to pleadings, under the provisions of the Code, the allegation in the amended complaint that the justice proceeded to make an examination of the matter, &c., is sufficient, even if it were necessary that the mother should in all cases be reexamined. But cases may arise in which such reexamination may be dispensed with; as, for instance, where it was waived. If any irregularity occurred in the proceedings of the justices as to make this order a nullity for the want of jurisdiction, that fact may be set up in the answer. Upon the averment in the complaint, it will not be presumed that the justices acted without jurisdiction.

The demurrer must be overruled with costs, and defendants may amend on payment of costs.